1   Richard A. Clark
2   State Bar No. 39558
    (rclark@pmcos.com)
3   Steven R. Platt
    State Bar No. 245510
4   (splatt@pmcos.com)
    PARKER, MILLIKEN, CLARK,
5   O'HARA & SAMUELIAN, P.C.
    555 S. Flower Street, 30th Floor
6   Los Angeles, CA 90071
7   Telephone:  (213) 683-6500
    Facsimile:  (213) 683-6669
8
9   Joe G. Hollingsworth (*pro hac vice* application pending)
    (jhollingsworth@hollingsworthllp.com)
10  Martin C. Calhoun (*pro hac vice* application pending)
    (mcalhoun@hollingsworthllp.com)
11  HOLLINGSWORTH LLP
    1350 I Street, N.W.
12  Washington, DC 20005
    Telephone:  (202) 898-5800
13  Facsimile:  (202) 682-1639
14
15  Attorneys for Specially-Appearing
    Defendant MONSANTO COMPANY
16
                 UNITED STATES DISTRICT COURT
17
                 CENTRAL DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19  PHILIP KLEIN, | Case No.: 2:16-cv-02266-DMG (Ex) |
| 20         Plaintiff, | **SPECIALLY-APPEARING DEFENDANT MONSANTO** |
| 21       v. | **COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 22  MONSANTO COMPANY, | **SUPPORT OF MOTION TO DISMISS OR TRANSFER TO NEW YORK** |
| 23         Defendant. | |
| 24 | Hearing Date: July 1, 2016 |
| 25 | Time: 9:30 A.M. |
|  | Judge: Dolly Gee |
| 26 | Courtroom: 7 |

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................. 1

II.     FACTUAL BACKGROUND ........................................................... 1

III.    ARGUMENT ..................................................................................... 2

      A.      This Court Does Not Have Personal Jurisdiction Over
           Monsanto In This Case. ....................................................... 2

           1.      This Court lacks general personal jurisdiction over
                  Monsanto. .................................................................. 3

           2.      This Court lacks specific personal jurisdiction over
                  Monsanto in this case. ............................................... 6

      B.      This District Is Not A Proper Venue For This Lawsuit. .................... 9

      C.      The Court Should Dismiss This Case Or Transfer It To The
           Northern District Of New York Pursuant To 28 U.S.C. § 1406
           And/Or 28 U.S.C. § 1631. .................................................. 11

IV.     CONCLUSION ................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bixby v. KBR, Inc.*,
  603 F. App'x 605 (9th Cir. 2015)....................................................................7, 8

*Costa v. Wirtgen Int'l GmbH & Co. KG*,
  No. 5:12-CV-05669-EJD, 2013 WL 1636043
  (N.D. Cal. Apr. 16, 2013) ..........................................................9, 10, 11

*Cruz-Aguilera v. INS*,
  245 F.3d 1070 (9th Cir. 2001) ............................................................. 12

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) .................................................................. 3, 4, 5

*Hatset v. Century 21 Gold Coast Realty*,
  --- F. App'x ---, 2016 WL 1583797 (9th Cir. 2016) .........................................7, 8

*Kavlico Corp. v. Daikin Applied Americas, Inc.*,
  No CV 15-02434-DMG, 2015 WL 4720492
  (C.D. Cal. Aug. 7, 2015) (Gee, J.)........................................................9

*Linthicum v. Shenkman*,
  No. 13cv1099 WQH (DHB), 2013 WL 4875024 (S.D. Cal. Sept. 10, 2013)..... 12

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) .........................................................3, 5

*Nelson v. Int'l Paint Co.*,
  716 F.2d 640 (9th Cir. 1983) ........................................................ 11, 12

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015)....................................................2, 3, 7, 8

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491 (9th Cir. 1979) ..............................................................9

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015).................................................2, 3, 4, 5

MONSANTO'S MEM. ISO MOTION TO DISMISS OR TRANSFER
2:16-CV-02266-DMG (Ex)

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) .................................................................................... 2

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
    No. CV 11-9495 PSG, 2013 WL 2247394 (C.D. Cal. May 9, 2013) ................. 10

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ................................................................... 3, 6, 8

**Statutes**

28 U.S.C. § 112(a) ......................................................................................... 1

28 U.S.C. § 1391(b) ....................................................................................... 9

28 U.S.C. § 1391(b)(2) .............................................................................. 9, 10

28 U.S.C. § 1391(c)(2) .................................................................................. 10

28 U.S.C § 1404(a) ....................................................................................... 11

28 U.S.C. § 1406 .................................................................................. 1, 11, 12

28 U.S.C. § 1631 .................................................................................. 1, 11, 12

**Other Authorities**

Fed. R. Civ. P. 12(b) ............................................................................ 1, 11, 12

- iii -

MONSANTO'S MEM. ISO MOTION TO DISMISS OR TRANSFER
2:16-CV-02266-DMG (Ex)

## I.    INTRODUCTION

Plaintiff Philip Klein filed this lawsuit against specially-appearing defendant Monsanto Company ("Monsanto"), alleging that exposure to Monsanto's glyphosate herbicide Roundup® in New York from approximately 1974 to 1980 caused him to develop non-Hodgkin's lymphoma ("NHL") in 2014.  The only connection between plaintiff's claims against Monsanto and the State of California is that plaintiff allegedly was a California resident when he filed this lawsuit. However, based on recent Supreme Court opinions (discussed below), that is not a sufficient basis for this Court to exercise personal jurisdiction over Monsanto in this case.  Likewise, venue is improper in this Court.

For the reasons discussed in more detail below, Monsanto seeks dismissal pursuant to Rules 12(b)(2)-(3).  In the alternative, the Court should transfer this lawsuit, pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C. § 1631, to the United States District Court for the Northern District of New York, which is the judicial district where plaintiff's Roundup® exposure allegedly occurred.

## II.    FACTUAL BACKGROUND

The Complaint asserts various products liability claims, all seeking damages for personal injuries allegedly caused by plaintiff's exposure to Roundup® in New York.  Plaintiff alleges that he was exposed to Roundup® from approximately 1974 to 1980 during his work at outdoor movie theaters near Albany, New York and in Coxsackie, New York.  Compl. ¶¶ 13, 103, ECF No. 1.[1]  Plaintiff's employer allegedly sprayed Roundup® to kill weeds that grew on the theater properties where plaintiff worked.  *Id*. ¶ 103.  The Complaint does not allege that plaintiff was exposed to Roundup® in California and does not allege that he used or sprayed Roundup® himself.

---

[1] Albany is in Albany County, and Coxsackie is in Greene County.  Both counties are within the Northern District of New York.  *See* 28 U.S.C. § 112(a).

MONSANTO'S MEM. ISO MOTION TO DISMISS OR TRANSFER
2:16-CV-02266-DMG (Ex)

1    Plaintiff alleges that he was diagnosed with NHL in April 2014.  *Id*. ¶ 13.  He

2    allegedly was diagnosed in this judicial district.  *Id*. ¶ 12.

3    When plaintiff filed the Complaint, he alleged that he "resides in Los

4    Angeles, California."  *Id*. ¶ 13.  The Complaint does not state when he moved to

5    California.

6    Monsanto is incorporated under the laws of the State of Delaware and has its

7    principal place of business in the State of Missouri.  *Id*. ¶ 14.  Monsanto has

8    business operations throughout the United States and, through its affiliated

9    companies, has business operations throughout the world.  Decl. of Christopher A.

10   Martin in Supp. of Monsanto's Mot. to Dismiss or Transfer to New York ¶ 3

11   ("Martin Declaration") (filed under seal; motion to seal pending).  Monsanto does

12   not manufacture Roundup® or glyphosate in California.  *Id*. ¶ 12.  Monsanto's

13   California sales comprise a small percentage of Monsanto's national and worldwide

14   sales.  *See id.* ¶¶ 4-7.  Based on Monsanto's employees and offices, Monsanto's

15   California contacts are minimal when compared to Monsanto's nationwide and

16   worldwide operations.  *See id.* ¶¶ 8-11.

17   **III.   ARGUMENT**

18   **A. This Court Does Not Have Personal Jurisdiction Over Monsanto In**

19   **This Case.**

20   Personal jurisdiction "is an essential element" of a court's jurisdiction,

21   "without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG*

22   *v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks omitted).  When a

23   defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has

24   the burden of establishing personal jurisdiction.  *See Ranza v. Nike, Inc.*, 793 F.3d

25   1059, 1068 (9th Cir. 2015); *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

26   In California, courts are required to determine only whether asserting personal

27   jurisdiction comports with the Due Process Clause, because California's long-arm

28

1   statute allows courts to exercise personal jurisdiction to the full extent permitted by

2   the United States Constitution.  *See Picot*, 780 F.3d at 1211; *Martinez v. Aero*

3   *Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).

4          In 2014, the U.S. Supreme Court issued two important opinions that establish

5   or clarify significant due process limitations that courts are required to consider

6   when deciding whether to exercise personal jurisdiction.  *See Daimler AG v.*

7   *Bauman*, 134 S. Ct. 746 (2014); *Walden v. Fiore*, 134 S. Ct. 1115 (2014).  These

8   opinions draw a distinction between two kinds of personal jurisdiction: "general

9   jurisdiction" (also known as "all purpose jurisdiction") and "specific jurisdiction"

10  (also known as "case-linked jurisdiction").  *See id.* at 1121 & n.6; *Daimler*, 134 S.

11  Ct. at 754.  The strength of a defendant's contacts with the forum state required to

12  establish personal jurisdiction over the defendant depends on whether a plaintiff

13  invokes general or specific personal jurisdiction.  *See Ranza*, 793 F.3d at 1068.

14         As discussed below, plaintiff cannot satisfy his burden as to either type of

15  personal jurisdiction.

16              1.  This Court lacks general personal jurisdiction over Monsanto.

17         In *Daimler*, the Supreme Court made "clear the demanding nature of the

18  standard for general personal jurisdiction over a corporation."  *Martinez*, 764 F.3d

19  at 1070.  The *Daimler* Court held that the Due Process Clause did not permit a

20  California court to exercise general personal jurisdiction over Daimler (a

21  nonresident company), even assuming that it was proper to attribute to Daimler the

22  extensive California contacts of a subsidiary that distributes Daimler-manufactured

23  vehicles to dealerships throughout the United States, including California.  *See*

24  *Daimler*, 134 S. Ct. at 751-52.

25         As the Court explained, general personal jurisdiction exists over a

26  corporation "where the corporation is fairly regarded as at home," so "the place of

27  incorporation and principal place of business are paradig[m] . . . bases for general

28

- 3 -

jurisdiction." *Id*. at 760 (alterations in original; quotation marks omitted); *see also Ranza*, 793 F.3d at 1069 ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business."). The *Daimler* Court acknowledged the possibility that, in an "exceptional case," a corporate defendant's operations "in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." 134 S. Ct. at 761 n.19. But the Court held that the facts did not qualify for that exception, even though: (a) Daimler's subsidiary "has multiple California-based facilities"; (b) the subsidiary "is the largest supplier of luxury vehicles to the California market"; (c) and "over 10% of all sales of new vehicles in the United States take place in California, and [the subsidiary's] California sales account for 2.4% of Daimler's worldwide sales." *Id*. at 752. Despite these California facilities and other substantial, continuous California contacts, the Court held that Daimler was not subject to general personal jurisdiction in California.

Responding to the argument that a corporation should be subject to general personal jurisdiction in every state in which the corporation "engages in a substantial, continuous, and systematic course of business," *id*. at 761 (quotation marks omitted), the Court rejected that formulation of the jurisdiction test as "unacceptably grasping." *Id*. The proper analysis is not whether a "corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [the corporation] essentially at home in the forum State.'" *Id*. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Thus, the general personal jurisdiction analysis requires that courts evaluate "a corporation's activities in their entirety" because a "***corporation that operates in many places can scarcely be deemed at home in all of them***." *Id*. at

1    762 n.20 (emphasis added).

2         The Ninth Circuit has recognized that, "[o]nly in an 'exceptional case,'" can

3    a court assert general personal jurisdiction over a corporation in a state other than

4    the corporation's principal place of business or the state of incorporation. *Martinez*,

5    764 F.3d at 1070 (quoting *Daimler*, 134 S. Ct. at 761 n.19). The Ninth Circuit has

6    rejected general-personal-jurisdiction arguments in *Martinez*, and another post-

7    *Daimler* case, *see Ranza*, 793 F.3d 1059.

8         Applying the principles discussed above to this case shows that plaintiff

9    cannot satisfy his burden to establish that this Court has general personal

10   jurisdiction over Monsanto. Plaintiff correctly alleges that Monsanto is

11   incorporated under the laws of the State of Delaware and has its principal place of

12   business in the State of Missouri. Compl. ¶ 14. Those are the two paradigmatic

13   locations in which Monsanto would be subject to general personal jurisdiction.

14        Thus, this Court lacks general personal jurisdiction over Monsanto unless

15   plaintiff satisfies his burden of establishing that this is an "exceptional case" by

16   showing that Monsanto's operations in California are "so substantial and of such a

17   nature as to render" Monsanto "at home" in California. *Daimler*, 134 S. Ct. at 761

18   n.19. Plaintiff cannot satisfy that demanding *Daimler* test. Monsanto does not

19   manufacture Roundup® or glyphosate in California. Martin Decl. ¶ 12. Moreover,

20   Monsanto's California sales comprise a small percentage of Monsanto's national

21   and worldwide sales. *See id.* ¶¶ 4-7. Based on Monsanto's employees and offices,

22   Monsanto's California contacts are minimal when compared to Monsanto's

23   nationwide and worldwide operations. *See id.* ¶¶ 8-11.

24        In sum, Monsanto's California contacts are not sufficient for Monsanto to be

25   deemed essentially "at home" in California, so this Court cannot assert general

26   personal jurisdiction over Monsanto.

27

28

1

2. <u>This Court lacks specific personal jurisdiction over Monsanto in</u>
<u>this case.</u>

2

3          To determine whether a court has specific personal jurisdiction over an out-

4   of-state defendant, the Due Process Clause requires a "minimum contacts" analysis

5   focusing on "the relationship among the defendant, the forum, and the litigation"

6   because "***the defendant's suit-related conduct must create a substantial***

7   ***connection with the forum State***." *Walden*, 134 S. Ct. at 1121 (emphasis added;

8   quotation marks omitted).  The relationship "must arise out of contacts that the

9   defendant *himself* creates with the forum State," so the "defendant-focused

10  minimum contacts inquiry" is not satisfied by "demonstrating contacts between the

11  plaintiff (or third parties) and the forum State." *Id.* at 1122 (quotation marks

12  omitted).

13         The *Walden* Court made clear that "the plaintiff cannot be the only link

14  between the defendant and the forum." *Id.*  Instead, "it is the defendant's conduct

15  that must form the necessary connection with the forum State that is the basis for its

16  jurisdiction over him." *Id.*  In other words, the issue is "not where the plaintiff

17  experienced a particular injury or effect but whether the defendant's conduct

18  connects him to the forum in a meaningful way." *Id.* at 1125.  Applying these

19  principles, the Supreme Court held that a Nevada court did not have personal

20  jurisdiction over a Georgia police officer who tortiously delayed returning funds to

21  plaintiffs – thereby causing injury to them while they resided in Nevada – because

22  "***mere injury to a forum resident is not a sufficient connection to the forum.***" *Id.*

23  (emphasis added).  As the Court explained, the "claimed injury does not evince a

24  connection between [defendant] and Nevada," and "the effects of [defendant's]

25  conduct on [plaintiffs] are not connected to the forum State in a way that makes

26  those effects a proper basis for [personal] jurisdiction." *Id.*

27

28

The Ninth Circuit has applied *Walden* to hold that a California district court did not have specific personal jurisdiction over a defendant who allegedly committed a tort (intentional interference with contract) "from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California." *Picot*, 780 F.3d at 1215. Although the injured plaintiff was a California resident, that did not suffice to establish personal jurisdiction because his injury was "not tethered to California in any meaningful way." *Id*. The court pointed out that plaintiff's "injury is entirely personal to him and would follow him wherever he might choose to live or travel." *Id*.

Likewise, in other post-*Walden* cases, the Ninth Circuit has held that a court cannot exercise specific personal jurisdiction over a defendant when the only connection between the defendant and the forum state is that the plaintiff is a resident of the forum state. *See Hatset v. Century 21 Gold Coast Realty*, --- F. App'x ---, 2016 WL 1583797, *1 (9th Cir. 2016) ("The only connection between [defendant] and California is the fact that [plaintiff] is a California resident."); *Bixby v. KBR, Inc.*, 603 F. App'x 605, 606 (9th Cir. 2015) ("Because the district court expressly found that the plaintiffs are the only link between [defendant] KBR and Oregon, we hold that the defendants are not subject to personal jurisdiction in Oregon for their actions in Iraq.").

The principles discussed above show that plaintiff cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over Monsanto in this case. The lawsuit-related contacts between Monsanto and California that are required for specific personal jurisdiction are absent here. Plaintiff's case is based on allegedly harmful exposure to a Monsanto product **in the State of New York**. Compl. ¶¶ 13, 103-04. He does not allege that he was exposed to Roundup® in California. The only connection between Monsanto and California in this case is that now – more than thirty years after his alleged exposure to Roundup® in New

York – plaintiff happens to be a California resident.  However, exercising specific personal jurisdiction over Monsanto based on that random, fortuitous development would run afoul of the due process principles discussed in *Walden* and the other cases cite above.  Plaintiff's unilateral decision to move to California is not a sufficient basis for this Court to exercise specific personal jurisdiction over Monsanto in this case.  Here, plaintiff is the only link between Monsanto and California, which is precisely what the Supreme Court held does not suffice to establish specific personal jurisdiction.  *See Walden*, 134 S. Ct. at 1122 ("[T]he plaintiff cannot be the only link between the defendant and the forum."); *see also Hatset*, 2016 WL 1583797, *1; *Bixby*, 603 F. App'x at 606.

Although plaintiff allegedly was diagnosed with NHL in this judicial district, *see* Compl. ¶¶ 12-13, that cannot satisfy his specific-personal-jurisdiction burden.  As *Walden* and the other cases cited above make clear, the mere fact that a plaintiff experiences an injury in the forum state does not allow the courts of that state to assert specific personal jurisdiction over a defendant that allegedly caused the injury by conduct that occurred outside the forum state.  Even if this case involves an injury to a California resident, that does not suffice because "mere injury to a forum resident is not a sufficient connection to the forum."  *Walden*, 134 S. Ct. at 1125.  Given that the exposure to the Monsanto product at issue here allegedly occurred in New York, the injury that was allegedly diagnosed in California "does not evince a connection between [Monsanto] and [California]."  *Id*.  For purposes of this specific-personal-jurisdiction analysis, plaintiff's alleged injury is "not tethered to California in any meaningful way," but rather is "entirely personal to him and would follow him wherever he might choose to live or travel."  *Picot*, 780 F.3d at 1215.  Therefore, the allegation that plaintiff's injury was diagnosed in California

1   does not authorize this Court to exercise specific personal jurisdiction over

2   Monsanto in this case.[2]

3            **B. This District Is Not A Proper Venue For This Lawsuit.**

4        Plaintiff has the burden of establishing that venue is proper in this judicial

5   district.  *See, e.g.*, *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491,

6   496 (9th Cir. 1979); *Kavlico Corp. v. Daikin Applied Americas, Inc.*, No CV 15-

7   02434-DMG (VBKx), 2015 WL 4720492, at *2 (C.D. Cal. Aug. 7, 2015) (Gee, J.)

8   (citing *Piedmont Label Co.*, 598 F.2d at 496).

9        Venue is governed by 28 U.S.C. § 1391(b).  That statute authorizes a civil

10  action to be brought in:  "(1) a judicial district in which any defendant resides, if all

11  defendants are residents of the State in which the district is located; (2) a judicial

12  district in which a substantial part of the events or omissions giving rise to the

13  claim occurred . . .; or (3) if there is no district in which an action may otherwise be

14  brought as provided in this section, any judicial district in which any defendant is

15  subject to the court's personal jurisdiction with respect to such action."  28 U.S.C.

16  § 1391(b).

17       Plaintiff cannot satisfy his venue burden in this case.  He alleges that venue is

18  proper in this district "under 28 U.S.C. § 1391(b)(2) because [he] lives in and was

19  diagnosed in this District."  Compl. ¶ 12.  Plaintiff also alleges that "Monsanto, as a

20  corporate entity, is deemed to reside in any judicial district in which it is subject to

21  personal jurisdiction," *id.*, but he does not specify whether he is invoking any sub-

22
23  [2] If plaintiff tries to invoke this Court's specific personal jurisdiction by relying on
    medical treatment for NHL that he may have received or may still be receiving in
24  California (though that is not pleaded in the Complaint), that argument also would
    miss the mark.  "[T]he fact that [plaintiff] . . . received treatment in [the forum] . . .
25  does not satisfy [his specific-personal-jurisdiction] burden . . . .  Such allegations
    only demonstrate that [he] incurred damages in the [forum], not that [his] claims
26  themselves arise out of it."  *Costa v. Wirtgen Int'l GmbH & Co. KG*, No. 5:12-CV-
    05669-EJD, 2013 WL 1636043, at *2 (N.D. Cal. Apr. 16, 2013).
27
28

1    section of the venue statute other than § 1391(b)(2).

2        Plaintiff's reliance on § 1391(b)(2) is misplaced because the Complaint does

3 not establish that a substantial part of the events or omissions giving rise to his

4 claims occurred in this judicial district.  On the contrary, the Complaint establishes

5 that his claims are based on Roundup® exposure that allegedly occurred in New

6 York more than thirty years ago.  Thus, venue in this judicial district is not proper

7 under § 1391(b)(2).

8        Moreover, the Court's lack of personal jurisdiction over Monsanto precludes

9 plaintiff from satisfying his venue burden by relying on either § 1391(b)(1) or

10 § 1391(b)(3).  *See Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495

11 PSG (JCGx), 2013 WL 2247394, at *22-23 (C.D. Cal. May 9, 2013) (holding that

12 venue was not proper, because plaintiffs failed to establish that court had personal

13 jurisdiction); *Costa*, 2013 WL 1636043, at *2-3 (same).

14        Section 1391(b) (1) focuses on where the defendant "resides," which is, for

15 venue purposes, "any judicial district in which such defendant is subject to the

16 court's personal jurisdiction with respect to the civil action in question," 28 U.S.C.

17 § 1391(c)(2).  But, as shown above, Monsanto is not subject to personal jurisdiction

18 in California in this case.  This means that Monsanto is not subject to personal

19 jurisdiction in this judicial district, so venue is not proper here under § 1391(b)(1).

20        Likewise, venue is not proper in this district under § 1391(b)(3) because that

21 provision also requires the defendant to be "subject to the court's personal

22 jurisdiction with respect to such action."  The Court's lack of personal jurisdiction

23 over Monsanto in this case compels the conclusion that venue is not proper here

24 under § 1391(b)(3).

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C. The Court Should Dismiss This Case Or Transfer It To The Northern District Of New York Pursuant To 28 U.S.C. § 1406 And/Or 28 U.S.C. § 1631.

As discussed above, this Court does not have personal jurisdiction over Monsanto in this case. Moreover, venue is not proper in this judicial district. For those reasons, the Court should dismiss this lawsuit, pursuant to Rules 12(b)(2)-(3) of the Federal Rules of Civil Procedure.

In the alternative, the Court should transfer this lawsuit to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C. § 1631. Under § 1406, a district court is required to dismiss a case that has been filed in the "wrong" district, or the court can, "in the interest of justice," transfer the case to "any district . . . in which it could have been brought." § 1406(a); *see Costa*, 2013 WL 1636043, at *3 (holding that venue was improper and ordering venue transfer based on § 1406(a)). Section 1406(a) authorizes this Court to transfer this case to the Northern District of New York, where the Roundup® exposure at issue in this lawsuit allegedly occurred.[3]

Likewise, § 1631 allows a federal court that lacks jurisdiction to transfer a lawsuit to another federal court where the lawsuit "could have been brought at the time it was filed." A § 1631 transfer is appropriate when: "(1) the transferring court

---

[3] By contrast, 28 U.S.C § 1404(a) applies when venue is proper but the district court nevertheless determines that transfer to another district court would serve "the convenience of parties and witnesses" and "the interest of justice." Section 1404(a) does not apply here because venue is not proper in this judicial district. The distinction between a § 1404(a) venue transfer and a § 1406(a) venue transfer can be important because it affects which forum's choice-of-law rules apply to claims asserted in a lawsuit. When a case is transferred under § 1404(a), the transferor court's choice-of-law rules apply after the transfer, but a § 1406(a) transfer leads to the transferee court's choice-of-law rules applying after the transfer. *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983).

MONSANTO'S MEM. ISO MOTION TO DISMISS OR TRANSFER
2:16-CV-02266-DMG (Ex)

lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Linthicum v. Shenkman*, No. 13cv1099 WQH (DHB), 2013 WL 4875024, at *7 (S.D. Cal. Sept. 10, 2013) (quoting *Cruz-Aguilera*, 245 F.3d at 1074).  Section 1631 authorizes this Court to transfer this lawsuit to the Northern District of New York because that is the judicial district where plaintiff allegedly was exposed to Roundup®.[4]

## IV.   CONCLUSION

For the foregoing reasons, this Court should grant Monsanto's motion and dismiss this case or transfer it to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C § 1631.

---

[4] Like a § 1406 transfer, when a court transfers a case under § 1631 due to lack of jurisdiction, the transferee court's choice-of-law rules apply after the transfer.  *See Nelson*, 716 F.2d at 643 n.3.  In light of the potentially complicated choice-of-law issues presented in this case and the need to address the threshold Rule 12(b)(2)-(3) arguments presented above, Monsanto does not assert here the failure-to-state-a-claim arguments that it has asserted in Rule 12(b)(6) motions in other Roundup® lawsuits filed against Monsanto.  Monsanto reserves the right to address any flaws in plaintiff's claims by appropriate motion at a later date, after this Court has ruled on the arguments presented in this motion.

1  DATED: June 3, 2016                    Respectfully submitted,

2

3

4  Joe G. Hollingsworth (*pro hac vice*
   application pending)

5  (jhollingsworth@hollingsworthllp.com)
   Martin C. Calhoun (*pro hac vice*

6  application pending)
   HOLLINGSWORTH LLP

7  1350 I Street, N.W.

8  Washington, DC  20005
   Telephone:  (202) 898-5800

9  Facsimile:  (202) 682-1639

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Steven R. Platt
Richard A. Clark
State Bar No. 39558
(rclark@pmcos.com)
Steven R. Platt
State Bar No. 245510
(splatt@pmcos.com)
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN, P.C.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6500
Facsimile:  (213) 683-6669

Attorneys for Specially-Appearing
Defendant MONSANTO COMPANY

- 13 -